IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOVAK SITE RD/RA PERFORMING | : | CIVIL ACTION |
| PARTIES et al | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SBC HOLDINGS, INC. et al | : | NO. 13-CV-02266 |
| Defendants. | : | |

## OPINION

Plaintiffs have moved for an order compelling depositions and extending the time for completion of discovery to August 29, 2014. Docket No. 29. Defendants have opposed this motion and filed a cross-motion for sanctions. Docket No. 30.  After careful consideration I have granted Plaintiffs' motion in part, denied it in part, and granted Defendants leave to submit their costs and attorneys' fees relating to the cancelled depositions of May 7-8, 2014.

## I.    FINDINGS OF FACT

Judge Schmehl set April 30, 2014 as the deadline for completion of discovery in this case, by order dated March 19, 2014. Docket No. 20. Plaintiffs demanded additional documents by their Second Request for Production of Documents on March 31, 2014. Docket No. 29, ¶5; Docket No. 30, ¶3. Responses were due April 30, 2014, the final day for depositions.  Docket No. 30, ¶4. On April 9, 2014, Plaintiffs noticed the depositions of Mark Tuttle and John W. Stroh III in Detroit on April 29-30, 2014. Docket No. 29, ¶7. Due to calendar difficulties the parties agreed to conduct the depositions on May 7-8, 2014. Docket No. 30, ¶5.

On April 25, 2014, Plaintiffs' counsel told Defendants' counsel he intended to go forward with the depositions on May 7-8, 2014 without reference to the need for additional documents.  Docket No. 30, ¶6.  Defendants' counsel made travel arrangements for a trip to Detroit on May 5, 2014 to prepare witnesses for the depositions. Docket No. 30, ¶7. Defendants filed a response and objections to the Second Request for Production, without documents, on April 30, 2014. Docket No. 29, ¶11. Defendants then sent the documents by Federal Express on May 2, 2014, a Friday. Docket No. 30, ¶4.

Plaintiffs received Defendants' responsive documents, consisting of 2,561 pages, on Monday, May 5, 2014. Docket No. 29, ¶12. Plaintiffs' counsel emailed counsel for Defendants at 4:32 p.m. on May 5, 2014, after a cursory review of the documents, to suggest the parties discuss settlement on Wednesday, May 7, 2014 rather than proceed with the depositions. Docket No. 29, ¶13. On Tuesday, May 6, 2014, at 10:11 a.m., Plaintiffs' counsel advised counsel for Defendants that the depositions were cancelled. Docket No. 29, ¶12.

## II.    CONCLUSIONS OF LAW

I conclude that Defendants should be permitted to submit their costs and attorneys' fees for the cancelled depositions in Detroit. Fed. R. Civ. P. 30(g)(1) provides that

> If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

2

Having set the depositions without predicating them on receipt of the production of documents from the Defendants, it was unreasonable for Plaintiffs' counsel to cancel the depositions the day before they were to occur, given the near certainty that Defendants' counsel would be traveling on or before that day. *See Atwell v. SPX Cooling Technologies, Inc.*, 2011 WL 2194057 (M.D. Pa. June 6, 2011) *supplemented,* 2011 WL 4807758 (M.D. Pa. Oct. 11, 2011); *Albee v. Cont'l Tire N. Am., Inc.*, 780 F. Supp. 2d 1005, 1013 (E.D. Cal. 2011) *on recons. in part,* 2011 WL 997019 (E.D. Cal. Mar. 17, 2011) (cancellation of deposition because of lack of documents was not justified when counsel had not made the depositions contingent on receiving documents in advance); *Zoltek Corp. v. United States,* 2006 WL 5670861 (Fed. Cl. July 25, 2006) (collecting cases). Counsel for Defendants should address in their submission the extent to which their preparation on May 5-6, 2014 foreshortens preparation necessary for the depositions to take place on or before August 15, 2014. *See Roger Dubuis N. Am., Inc. v. Thomas*, 2006 WL 3199141 (M.D. Pa. Nov. 3, 2006).

I also conclude that the time for discovery should be extended. In *State Farm Mutul Auto Ins. Co. v. New Horizont, Inc.,* 254 F.R.D. 227 (E.D. Pa. 2008) (Robreno, J.), cited to by Defendants, the plaintiffs sought an additional deposition under Fed. R. Civ. P. 30(b)(6), having already conducted two.  *Id.* at 235-36. The court denied the request because the plaintiffs had made a tactical decision not to ask certain questions at a previously scheduled deposition.  *Id.*

In this case there have been no previous depositions. The proposed depositions are not a "distraction" in a case already "mired in discovery disputes." *Id.* at 231. They seem reasonably directed to the heart of the issues in the case. The Defendants' complaint is that discovery has not been diligently pursued by Plaintiffs, and that the

3

Defendants were forced to waste time and money preparing for depositions that were abruptly cancelled. There is merit to their complaint, but my order directing Defendants to submit their costs and attorneys' fees for the cancelled Detroit depositions mitigates the unfair prejudice to Defendants. A prompt conclusion of needful discovery coupled with the mitigation of prejudice seems most likely to "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

The depositions of Mark Tuttle, John Stroh III, and George E. Kuehn shall be scheduled to take place in Detroit, on or before August 15, 2014. To the extent that there are deficiencies in responses to outstanding requests for production, they shall be identified in writing to the responding party on or before July 21, 2014, and remedied on or before August 1, 2014. If the parties cannot resolve a dispute about alleged deficiencies, the aggrieved party shall file a motion seeking relief, attaching the specific discovery requests and responses at issue, on or before August 5, 2014. Any response shall be filed on or before August 8, 2014. The motion and memorandum accompanying the motion, if any, shall not together exceed 5 pages. Any response shall not exceed 4 pages. All discovery shall be concluded by Thursday, August 28, 2014.

Finally, I conclude that Plaintiffs' motion for an order directing production of documents concerning the reserves set aside by the Defendants' Board of Directors is premature. It is not clear, based on Plaintiffs' motion, that such documents have been requested or withheld. Docket No. 29, ¶ 20-23. Defendants contend they have already produced such documents. Docket No. 30, ¶9, n. 1. If these documents have been

requested but not produced, and the parties cannot resolve the issue, Plaintiffs should file a motion as described above.

An order accompanies this opinion.


**BY THE COURT:**



***s/Richard A. Lloret*** _____
**RICHARD A. LLORET**
**UNITED STATES MAGISTRATE JUDGE**